UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D

MAY 0 6 2005

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 04-303-GWU

GEORGE A. COLLINS,                                    PLAINTIFF,

VS.                        **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                      DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of his application for Disability Insurance Benefits (DIB). The appeal is currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 CFR 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 CFR 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 CFR 404.1520(c), 404.1521, 416.920(c), 461.921.

1

Collins

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 CFR 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 CFR 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 CFR 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 CFR 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "more than a mere scintilla[; i]t means such relevant evidence as a

2

reasonable mind might accept as adequate to support a conclusion. . ." Wright v. Massanari, 321 F.3d 611, 614 (6th Cir. 2003) (quoting Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 535 (6th Cir. 1981). It is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these

Collins

symptoms. 20 CFR Section 404.1529 (1991). However, in evaluating a claimant's

allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an
> underlying medical condition. If there is, we then examine: (1)
> whether objective medical evidence confirms the severity of the alleged
> pain arising from the condition; or (2) whether the objectively
> established medical condition is of such a severity that it can
> reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.

1986).

Another issue concerns the effect of proof that an impairment may be

remedied by treatment. The Sixth Circuit has held that such an impairment will not

serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health

and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same

result does not follow if the record is devoid of any evidence that the plaintiff would

have regained his residual capacity for work if he had followed his doctor's

instructions to do something or if the instructions were merely recommendations.

Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106,

1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before

it, despite the plaintiff's claims that he was unable to afford extensive medical work-

ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir.

1987). Further, a failure to seek treatment for a period of time may be a factor to be

4

considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 CFR 416.965(a) and 20 CFR 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 CFR Part 404, Subpart P, Appendix 2 and

5

analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 CFR 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 CFR 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 CFR Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term

Collins

"framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, George A. Collins, filed his current application for DIB on August 2, 2002, alleging disability beginning October 15, 1990. (Tr. 94-6, 113-14). Mr. Collins had filed a previous application for DIB on March 11, 1993, alleging the same onset date. (Tr. 48). After several administrative denials, appeals, and remands, including a 1997 remand by the undersigned, an Administrative Law Judge (ALJ) issued a final decision dated July 14, 1999 determining Mr. Collins to be "not disabled" through the date of the decision. (Tr. 48-56). This decision was affirmed by the United States District Court for the Eastern District of Kentucky in an order and judgment dated October 8, 2002 by the Honorable Henry R. Wilhoit, Collins v. Social Security Administration, London Civil Action No. 01-110 (E.D. Ky.), and was not further appealed.

7

The ALJ in the present case declined to reopen the 1999 decision, finding that there was no new and material evidence relating to Mr. Collins' disability prior to his Date Last Insured (DLI) of December 31, 1995. (Tr. 17).

The parties, including the defendant, appear to argue the case on the merits,[1] and substantial evidence submitted in connection with the present decision supports the current administrative decision.

The plaintiff asserts that new evidence shows he meets the Commissioner's Listing of Impairment 12.05C. The new evidence consists of a consultative psychological evaluation by Dr. Dennis Spjut on September 5, 2002, which included intelligence testing showing a verbal IQ of 69, a performance IQ of 68, and a full-scale IQ of 66. (Tr. 190). However, it appears that the plaintiff was not administered the entire Wechsler Adult Intelligence Scale-III due to time constraints. (Id.). The psychologist also suggested that the plaintiff's high level of anxiety could be interfering with his functioning and his "innate optimal level" might be modestly higher. (Id.). Listing 12.05C requires a showing of "deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates

---

[1]Since the plaintiff's insured status expired prior to the date of the final administrative decision in 1999, there does not appear to be an unadjudicated period to review. Furthermore, this Court would be without jurisdiction to review a final decision of the Commissioner declining to reopen a claim for benefits absent a colorable constitutional claim. Califano v. Sanders, 430 U.S. 99, 108-9 (1977). The plaintiff has not alleged a constitutional violation. Therefore, the administrative decision would have to be affirmed. The issue, however, has been discussed by neither party.

or supports onset of the impairment before age 22." 20 C.F.R. Pt. 404, Subpt. P, App.1, Section 12.05C (2004). Dr. Spjut did not address the issue of the plaintiff's functioning prior to age 22, and the only other evidence submitted on this issue was elementary school records showing that Mr. Collins attended through the eighth grade with generally poor, but passing, grades. (Tr. 136). The plaintiff himself testified that he did not repeat any grades, although he was illiterate. (Tr. 33). In any case, 1997 IQ testing by Dr. Gary Maryman, submitted in connection with the prior final decision, but resubmitted in the present case as Exhibit 37, showed valid IQ scores well above 70 (Tr. 341-2), and could certainly have buttressed the other suggestions of record that the plaintiff's prior functioning had been higher.

The plaintiff's other argument on appeal is that he was physically limited more than was determined by the ALJ[2], and the plaintiff specifically cites the examination of Dr. Stephen Lamb in August, 2002. (Tr. 181). Dr. Lamb, however, concluded that there was no clear evidence for restriction due to physical impairments, although the

---

[2]Consistent with the 1999 ALJ decision, the ALJ in the present case determined that Mr. Collins retained the residual functional capacity to perform light level work, and also had the following non-exertional restrictions. (Tr. 18, 53). He: (1) could sit, stand, and walk six hours each in an eight-hour day (no more than one hour at a time without interruption); (2) could do no climbing; (3) could perform no work involving standing on concrete, acute binocular vision or acute bilateral hearing; (3) could not be exposed to dust, fumes, smoke, chemicals, noxious  gases, unprotected heights, dangerous or moving machinery, or vibration; (4) would have a "seriously limited but not precluded" ability to deal with work stresses and maintain attention and concentration; and (5) could not perform work which required more than borderline intellectual ability or "functional illiteracy." (Tr. 18, 53-4).

Collins

plaintiff did have relatively severe varicose veins and it was possible that they would interfere with his ability to perform prolonged standing. (Tr. 183-4). Since the prior final decision had limited the plaintiff to no more than one hour of standing at a time without interruption, Dr. Lamb's comments are not patently inconsistent with the prior finding, in any case. Likewise, the plaintiff was evaluated late in 2002 and early in 2003 for complaints of shaking and passing out, but testing, including an EEG, an MRI of the brain, an echocardiogram, and screening tests for hypoglycemia, were all negative. (Tr. 194-7, 225). While state agency reviewing physicians in 2002 opined that Mr. Collins would be limited to standing no more than four hours in an eight hour day due to varicosities (Tr. 230-47), rather than the six hours found in the prior decision, their assessments were for the period before the DLI, which is clearly already adjudicated.

The decision will be affirmed.

This the _____6_____ day of May, 2005.

G. WIX UNTHANK
SENIOR JUDGE